**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LED WAFER SOLUTIONS LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | CIVIL ACTION NO. 2:25-CV-00948-JRG |
| INC., SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, and SEOUL | § | |
| SEMICONDUCTOR CO., LTD, | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Samsung's Motion to Dismiss Based on Claim Splitting and Improper Venue (the "Motion") filed by filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. (together, "Samsung Electronics"), and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung"). (Dkt. No. 30.) For the reasons stated herein, the Court finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

Plaintiff LED Wafer Solutions LLC ("LED Wafer") filed suit against Samsung Electronics on March 25, 2021 in the Western District of Texas. (Civil Action No. 6:21-cv-00292-ADA, Dkt. No. 1.) Judge Albright granted Defendant Seoul Semiconductor Co.'s ("SSC") motion to join that case on November 11, 2021. (Civil Action No. 6:21-cv-00292-ADA, Dkt. No. 39.) Judge Albright subsequently granted a motion to transfer, and the case was transferred to the Northern District of California in August 2022. (Civil Action No. 4:22-cv-04809-AMO, the "NDCA Action.")

The NDCA Action was subsequently stayed pending *ex parte* reexamination (EPR) of the patents-in-suit from April 2023 to August 2024. (NDCA Action, Dkt. Nos. 198, 215, 216.) As is

relevant to the present dispute, all claims of U.S. Patent Nos. 8,952,405 (the "'405 patent") and 9,786,822 (the "'822 patent") asserted in the NDCA Action were canceled or amended during EPR. (*See, e.g.*, Dkt. No. 24 at 4-5.) LED Wafer sought leave to amend its complaint in the NDCA Action to include the newly issued post-EPR claims of the '405 and '822 patents, but that motion was administratively terminated sometime before September 15, 2025. (NDCA Action Dkt. No. 339 at 3.) LED Wafer then filed the above-captioned case in this Court on September 15, 2025, asserting these newly amended claims of the '405 and '822 patents. (Dkt. No. 1.) On the same day, LED Wafer filed a notice in the NDCA Action alerting the court to the filing of the above-captioned case.

On January 7, 2026, LED Wafer then moved to voluntarily dismiss the entirety of the NDCA Action. (NDCA Action, Dkt. No. 301.) In that motion, LED Wafer sought, *inter alia*, to dismiss all claims on the '405 and '822 patents without prejudice as moot. (*Id*. at 1.) Samsung Electronics and SSC opposed LED Wafer's voluntary motion to dismiss the NDCA Action. (NDCA Action, Dkt. No. 312.) On February 23, 2026, Samsung filed the instant Motion in the above-captioned case. (Dkt. No. 30.)

On June 16, 2026, LED Wafer's motion to dismiss the NDCA Action was granted. (NDCA Action, Dkt. No. 339.) In particular, the NDCA court dismissed "LED Wafer's remaining claims on the '405 patent and '822 patent without prejudice in accordance with LED Wafer's voluntary dismissal." (*Id*. at 14.)

## II.     ANALYSIS

Samsung moves to dismiss on two distinct bases: claim splitting and improper venue as to SAS. The Court takes up each issue in turn below.

### A.  Claim Splitting

First, Samsung moves to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(6) "because Plaintiff has engaged in improper claim splitting." (Dkt. No. 30 at 8.) Samsung argues that "[t]he NDCA court will necessarily have to decide [the] issues [in this case] due to live affirmative claims and counterclaims in that litigation, and any resulting judgment would have preclusive effect on a future suit involving those patents and accused products." (*Id.*)

However, the NDCA Action has since been dismissed without prejudice with respect to the '405 and '822 patents in accordance with LED Wafer's voluntary dismissal. (NDCA Action, Dkt. No. 339 at 14.) The only suit in which LED Wafer is pursuing claims of infringement regarding the newly issued post-EPR amended claims of the '405 and '822 patents is this action.

Dismissal under the doctrine of claim splitting may be appropriate where a second complaint "'alleges the same cause of action as a prior, ***pending***, related action.'" *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*, No. 2:23-cv-00495-JRG-RSP (E.D. Tex. May 29, 2025), Dkt. No. 331-1 at 4 (emphasis added) (quoting *Verde v. Stoneridge, Inc.*, 137 F. Supp. 3d 963, 974 (E.D. Tex. Sep. 23, 2015)). In this instance, though, the prior action is no longer pending—and was based on the now-canceled previous claims of the '405 and '822 patents, which the Federal Circuit has clearly established became moot when those claims were canceled. *See Fresenuis USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

Accordingly, and as to claim splitting, the Motion is **DENIED**.

## B. Improper Venue

Samsung further asserts that the Complaint should be dismissed as to SAS because venue is improper in this District as to SAS. (Dkt. No. 30 at 18.) SAS is a Delaware entity, and the Complaint makes no allegation that SAS has any place of business in this District. (*Id*. at 18-19, citing Dkt. No. 1 at ¶ 7.) LED Wafer responds that venue is proper over SAS "because it may be imputed to it as an alter ego of Samsung Electronics," for whom venue is proper in this District. (Dkt. No. 38 at 15-16.)

### i.    Legal Standard

Venue may be imputed from a subsidiary to a parent corporation under an alter ego theory. *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F".4th 1111, 1125 (Fed. Cir. 2021). The alter-ego inquiry is not unique to patent law, such that Fifth Circuit—rather than Federal Circuit—law applies. *See, e.g., Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004) ("Because the joinder issue is not unique to patent law, we apply the law of the regional circuit"). "Although courts often discuss alter ego in terms of jurisdictional issues, the same concerns are present when analyzing venue." *Sightline Payments, LLC v. Everi Holdings Inc.*, Case No. 6:21-CV-01015-ADA, 2022 WL 2078215, *4 (W.D. Tex June 1, 2022) (citing *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985)); *see also Nat'l Steel Car Ltd. v. Greenbrier Companies Inc.*, No. 6:19-cv-00721-ADA, 2020 WL 4289388, at *2 (W.D. Tex. July 27, 2020).

To impute venue from one entity to another, courts must test whether "the lines between the [entities] become 'so blurred that the two become one.'" *Wapp Tech. Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F.Supp.3d 585, 595 (E.D. Tex. 2019) (quoting *QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 663 (E.D. Tex. 2007)). The alter ego inquiry requires a court to "look to the totality

4

of the circumstances," and is "heavily fact-specific." *U.S. v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 694 (5th Cir. 1985). Courts consider many factors in this inquiry, including common stock ownership and overlap between directors and officers. *Id*. at 691. However, no one factor is dispositive, and in particular, "one-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory to pierce the corporate veil." *Id*.

### ii.    Discussion

LED Wafer asserts that this Court should pierce the corporate veil and impute venue onto SAS because: (1) Samsung Electronics holds a 100% ownership stake in SAS; (2) Samsung Electronics "established [SAS] as its first semiconductor manufacturing facility in the United States in 1996," and has since invested $18 billion in SAS; (3) the President of SAS is also the Corporate Executive Vice President of Samsung Electronics' Foundry Division; (4) Samsung Electronics prepares consolidated financial statements that include SAS as a consolidated subsidiary; and (5) SAS does not have its own website, but shares on with Samsung Semiconductor Global, which shows "Samsung branding" and "refer[s] to Samsung Electronics' quarterly profits." (Dkt. No. 38 at 17.)

LED Wafer selectively cites the factors from *Jon-T Chemicals* to show: that the parent and subsidiary have common stock ownership, common directors or officers, and consolidated financial statements, and that the parent finances the subsidiary and caused the incorporation of the subsidiary. (*Id*. at 16, citing *Jon-T Chemicals*, 768 F.2d at 691-92.) However, the Court finds this showing insufficient, particularly in light of the clear instruction from the Fifth Circuit that "we maintain the fiction that an officer or director of both corporations can change hats and represent the two corporations separately, despite their common ownership." *Jon-T Chemicals, Inc.*, 768 F.2d at 691.

Beyond the representation that SAS is wholly owned by Samsung Electronics and that the two have one director in common, LED Wafer's showing simply amounts to a demonstration that Samsung Electronics founded SAS, finances it, and at times refers to it under the "Samsung" umbrella. This argument from LED Wafer does not provide enough of a basis upon which this Court can conclude SAS and Samsung Electronics have failed to "maintain[] corporate separateness… [such that] the place of business of one corporation may be imputed to the other for venue purposes." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (5th Cir. 2021). The Court does not find, on these facts, that "the lines between the [entities have] become 'so blurred that the two become one.'" *Wapp Tech.*, 406 F.Supp.3d at 595 (quoting *QR Spex*, 507 F.Supp.2d at 663).

Accordingly, this portion of Samsung's Motion relating to improper venue is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to SAS.

### III.    CONCLUSION

For the reasons stated herein, Samsung's Motion to Dismiss (Dkt. No. 30) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Samsung Austin Semiconductor.

So **ORDERED and SIGNED this 29th day of June, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE