IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LED WAFER SOLUTIONS LLC,       §
    *Plaintiff,*               §
                               §
                               §
v.                              §
                               §
SAMSUNG ELECTRONICS CO., LTD., §
SAMSUNG ELECTRONICS AMERICA,   §  CIVIL ACTION NO. 2:25-CV-00948-JRG
INC., SAMSUNG AUSTIN           §
SEMICONDUCTOR, LLC, and SEOUL  §
SEMICONDUCTOR CO., LTD,        §
    *Defendants*.              §
                               §

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss (the "Motion") filed by Defendant Seoul

Semiconductor Co., Ltd. ("SSC"). (Dkt. No. 13.)

**I.     BACKGROUND**

Plaintiff LED Wafer Solutions LLC ("LED Wafer") filed the above-captioned case against

SSC, as well as Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.,

and Samsung Austin Semiconductor, LLC (together, "Samsung") on September 15, 2025,

asserting infringement of U.S. Patent Nos. 8,952,405 (the "'405 patent") and 9,786,822 (the "'822

patent"). (Dkt. No. 1.) SSC moved to dismiss LED Wafer's complaint on December 12, 2025.

(Dkt. No. 13.)

This Court has previously addressed disputes between Samsung and LED Wafer regarding

a first-filed case. (*See generally,* Dkt. No. 65.) As is relevant to this Motion, SSC was not initially

a party to the prior case but moved to join that case while it was being litigated in the Western

District of Texas—a motion to intervene which the prior court granted over LED Wafer's

opposition. (Civil Action No. 6:21-cv-00292-ADA, Dkt. No. 39.) The prior case in the WDTX

was later transferred to the Northern District of California. Once there, the NDCA court ultimately granted LED Wafer's voluntary dismissal without prejudice with respect to the '405 and '822 patents. (Civil Action No. 4:22-cv-04809-AMO, Dkt. No. 339 at 14; *see also* Dkt. No. 65.)

## II.    LEGAL STANDARD

Rule 12(b)(2) permits a party to assert the defense of lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant challenges a court's jurisdiction with a 12(b)(2) motion, the plaintiff then bears the burden of establishing that the forum state has jurisdiction over the defendant. *Centre One v. Vonage Holdings Corp.*, 2009 WL 2461003 at *2 (E.D. Tex. Aug. 10, 2009) (citing *Pieczenik v. Dynax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)). Federal Circuit law applies to determine whether a district court may properly exercise jurisdiction over an out-of-state accused infringer. *Nuance Commc'ns Inc. v. Abbyy Software House et al.*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

A court's exercise of personal jurisdiction must comport with both the law of the forum state and the Due Process clause of the U.S. Constitution, but "[t]he Texas long-arm statute extends to the limits of federal due process, [so] the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Due process requires that a litigant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Personal jurisdiction can be either general or specific. General jurisdiction exists when a defendant maintains "continuous and systematic" contacts with a forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Specific jurisdiction arises under the following three-part

test: "(1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)). Upon a showing of purposeful minimum contacts, the defendant bears the burden to prove unreasonableness. *Elecs. For Imagining, Inc. v. Coyle*, 340 F.3d 1344, 1351-52 (Fed. Cir. 2003).

## III.    ANALYSIS

SSC asserts that LED Wafer's complaint against it in this case should be dismissed for insufficient service of process, lack of personal jurisdiction, violation of the first-to-file rule, and failure to state a claim as to direct, induced, and willful infringement. The Court takes up only personal jurisdiction, as it finds such topic is dispositive.[1]

The only paragraph addressing personal jurisdiction over SSC in the Complaint reads as follows:

> This Court has personal jurisdiction over Seoul Semiconductor in this action because Seoul Semiconductor has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Seoul Semiconductor would not offend traditional notions of fair play and substantial justice. Seoul Semiconductor directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the Asserted Patents. Moreover, Seoul Semiconductor actively directs its activities to customers located in the State of Texas. (Dkt. No. 1 at ¶ 19.)

The Complaint further includes allegations that "Seoul Semiconductor acts as a third-party LED supplier to Samsung for many of the Accused Products, including accused Samsung mobile

---

[1] Although the Court does not reach the dispute regarding service of process, the Court notes that if LED Wafer intends to refile this case against SSC it expects that LED Wafer will fully comply with Federal Rule of Civil Procedure 4.

phones." (*Id*. at ¶ 9; *see also* ¶ 29.) Finally, the Complaint includes a comment about the prior NDCA litigation, including that "[b]ased on Seoul Semiconductor's own pleadings in a prior litigation, Seoul Semiconductor contends it is a 'true defendant to LED Wafer's claims as it manufactures LED components accused of infringement.'" *LED Wafer Solutions LLC v. Samsung Elecs. Co., Ltd.*, 3:22-cv-04809-AMO, Dkt. 23 at 6 (N.D. Cal.)." (*Id*. at ¶ 9.)

SSC asserts that these allegations in the Complaint fail to establish personal jurisdiction over it, given the "boilerplate and conclusory assertions in Paragraph 19," and there is no contention that "SSC manufactured LEDs in the U.S., that SSC imported LEDs into the U.S., that SSC sold or offered to sell anything in Texas or the U.S., or that SSC targeted Texas or the U.S. market." (Dkt. No. 13 at 9.)[2]

LED Wafer responds that personal jurisdiction is proper over SSC because: (1) SSC purposefully places its products into the stream of commerce and "knows a likely destination of its products is Texas, where Samsung Defendants have substantial presence," and (2) SSC chose to intervene in the previous case involving LED Wafer and some Samsung defendants when it was being litigated in the Western District of Texas, and has in other instances "chosen courts of this State as a forum for its disputes." (Dkt. No. 24 at 16-17.)

The Court finds that LED Wafer's arguments cannot save its Complaint. The assertion that SSC targets Texas by selling its products to Samsung, whom it knows does substantial business in Texas, may be in the briefing but it does not appear in the complaint. The complaint's mere allegations that SSC acts as a third-party supplier to Samsung (Dkt. No. 1 at ¶¶ 9, 29), supplying a component of the Accused Products somewhere in the world, are insufficient. The paragraph

---

[2] The Court does not address general jurisdiction, as LED Wafer's response to the Motion only argues that the Court should find specific personal jurisdiction over SSC. (*See* Dkt. No. 25 at 15 ("This Court has personal jurisdiction over SSC due to SSC's significant business and legal connections in this District… making it fair and expected for this Court to exercise personal jurisdiction over SSC").)

relating directly to personal jurisdiction over SSC in the Complaint recites only the standard for personal jurisdiction, without any accompanying factual allegations. (*Id*. at ¶ 19.) Finally, the Complaint's mention of SSC's intervention in prior litigation in the Western District of Texas cannot establish personal jurisdiction over SSC in this case. The standard for intervention is unrelated to the standard for personal jurisdiction, and neither SSC's motion to join the prior case nor the court's order granting SSC's motion considered personal jurisdiction. (*See* Civil Action No. 4:22-cv-04809-AMO, Dkt. Nos. 23, 39.)

The Complaint therefore does not allege facts which, if true, support the finding that SSC has maintained purposeful minimum contacts in Texas. LED Wafer has not met its burden to establish that this Court has personal jurisdiction over SSC.

## IV.    CONCLUSION

For the reasons stated herein, SSC's Motion to Dismiss (Dkt. No. 13) is **GRANTED**. The above-captioned case is **DISMISSED WITHOUT PREJUDICE** as to SSC. The Clerk of Court is directed to **MAINTAIN AS OPEN** the above-captioned case.

So ORDERED and SIGNED this 1st day of July, 2026.

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5